UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CIVIL ACTION NO: 2:18-cv-00481-JDL

WILMINGTON SAVINGS FUND SOCIETY,
FSB, D/B/A CHRISTIANA TRUST AS
OWNER TRUSTEE OF THE RESIDENTIAL
CREDIT OPPORTUNITIES TRUST V

PLAINTIFF

v.

DOROTHY M. YORK, BARRY LAMB,
PERSONAL REPRESENTATIVE OF THE
ESTATE OF WILLIAM F. YORK, BANK OF
AMERICA, N.A., DEPARTMENT OF THE
TREASURY-INTERNAL REVENUE
SERVICE, GOWEN POWER SYSTEMS AND
OSTERMAN PROPANE LLC DBA
DOWNEAST ENERGY

DEFENDANTS

## CONSENT JUDGMENT OF FORECLOSURE AND SALE

### 335 Brown Road, Durham, State of Maine
### Androscoggin County Registry of Deeds in Book 6234, Page 37

By agreement of the parties, pursuant to 14 M.R.S.A § 2401(3), the Court finds as follows:

1. That the parties have received notice of the proceedings in this action, and that the notice was given in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

2. That venue is properly laid in this Court.

1

3. That Plaintiff is entitled to judgment as a matter of law.

4. That Defendant Barry Lamb, as personal representative of the Estate of William F. York, is in breach of the terms of a certain promissory note held by the Plaintiff dated February 10, 2005, (the "Note"), with such breach constituting a default, and upon such default, proper notice of default was sent.

5. That the default of the Note caused a breach of the Mortgage.

6. That Plaintiff is the mortgagee of record of a mortgage securing the Note and recorded in the Androscoggin County Registry of Deeds in Book 6234, Page 37 ("Mortgage"). The Mortgage encumbers real estate located at 335 Brown Road, Durham, Androscoggin County, State of Maine ("Property") and defendant Dorothy M. York was a signatory to the Mortgage.

7. That as of March 14, 2019, the following amounts are owed to Plaintiff under the terms of the Note and Mortgage:

| | |
|---|---|
| a. Principal Balance | $284,023.01 |
| b. Deferred Unpaid Principal Balance | $36,184.12 |
| c. Accrued Interest | $37,143.90 |
| (plus interest at a per diem of $33.41) | |
| c. Prior Servicer Fees and Advances | $1,116.44 |
| d. Tax Payment Advance | $17,045.97 |
| e. Property Preservation | $77.50 |
| | |
| **Sub Total:** | **$375,590.94** |

Pursuant to 14 M.R.S.A. § 1602-C, the interest after judgment accrues at a rate of 8.59% per annum because the Note rate is less than 6.27%, the weekly average one-year United States Treasury bill rate as published by the Board of Governors of the Federal Reserve System for the last full week of 2014 plus 6%. Plaintiff is awarded Attorney's Fees in the amount of $3,150.00 and Attorney's Disbursements in the amount of $930.47. Plaintiff is entitled to add any post-judgment attorney's fees and disbursements in connection with the foreclosure. Plaintiff is also entitled to add any additional amounts advanced by Plaintiff regarding its mortgage security.

8. That the order of priorities and amount of the claims of the parties who have appeared in this action for distribution from the proceeds of sale, after payment of expenses of sale, in this case are as follows:

> a. Plaintiff in the amount of $375,590.94, plus accrued interest from and including at the rate of 8.59% interest per annum $33.41 per day to the date of judgment plus interest after judgment at a rate of % interest plus further

2

    legal fees and expenses incurred by Plaintiff as described in Paragraph 7 above, plus any amounts advanced by Plaintiff related to its mortgage security, including but not limited to insurance premiums and real estate taxes;

  b. Bank of America, N.A., Department of the Treasury-Internal Revenue Service, and Gowen Power Systems in the amount as established in an Affidavit of Debt, should they choose to file an Affidavit with this Court.

  c. Dorothy M York any further surplus proceeds from sale.

  d. Osterman Propane, having failed to appear and been defaulted in this action, is not entitled to any surplus funds from the foreclosure sale.

  e. Barry Lamb, having failed to appear and been defaulted in this action, is also not entitled to any surplus funds from the foreclosure sale.

  9. That the names and addresses of all parties to this action and their counsel of record are identified as follows:

    Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust V
    c/o Bendett & McHugh, P.C.
    30 Danforth Street, Suite 104
    Portland, ME 04101

    Dorothy M. York
    c/o Horace W. Horton, Esq. and William J. Kennedy, Esq.
    Drummond & Drummond, LLP
    One Monument Way
    Portland, ME 04101

    Barry Lamb, Personal Representative of the Estate of William F York
    832 97th Ave N
    Naples, FL 34108

    Bank of America, N.A.
    c/o James M. Garnet, Esq.
    Brock & Scott, PLLC
    1080 Main St., Suite 200
    Pawtucket, RI 02860

    Department of The Treasury – Internal Revenue Service
    c/o Andrew K. Lizotte, Esq.
    100 Middle Street, East Tower, 6th Floor
    Portland, ME 04101

>Gowen Power Systems
>c/o Wendy J. Paradis, Esq.
>Bernstein Shur
>100 Middle St.; PO Box 9729
>Portland, ME 04104

>Osterman Propane LLC DBA Downeast Energy
>c/o CT Corporation System
>1536 Main Street
>Readfield, ME 04355

10. That the Plaintiff's claim for attorney fees is not integral to the relief sought; and

11. That Defendants have neither requested mediation, nor do the Federal Rules of Civil Procedure require mediation, and therefore M.R.S.A. § 6321-A and M.R.Civ.P. 93 do not apply and mediation is considered waived.

12. That there is no just reason for delay in the entry of final judgment for Plaintiff on all claims, except for the claim for Attorney's fees and disbursements and additional amounts advanced by Plaintiff related to its mortgage security incurred by Plaintiff after the date of this Judgment, for the following reasons:

>a. If judgment is granted but not entered as final, the time periods set forth in 14 M.R.S.A §§ 6322 and 6323 will commence even though the judgment is subject to later revision;

>b. The Plaintiff and any bidders at the foreclosure sale would be exposed to some risk in proceeding to a sale if judgment is not final and remains subject to revision; and

>c. Any dispute regarding post-judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff related to its mortgage security may be resolved by the Defendants filing a motion contesting Plaintiff's Report of Public Sale as provided in 14 M.R.S.A. § 6324.

**WHEREFORE**, it is hereby Ordered and Decreed:

A. That Plaintiff (through its agents or attorneys) shall proceed with a sale of the Property described in the Mortgage, pursuant to 14 M.R.S.A. §§ 6321-6324, free and clear of all liens, except liens senior to Plaintiff's Mortgage, and shall pay the proceeds of sale, after satisfying expenses of sale, in the amounts, manner, and priority set forth in Paragraph 8 above;

B. That the Clerk is hereby directed to enter this Order and Judgment of Foreclosure and Sale as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, except as to any additional post-judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff related to its mortgage security;

C. That the Defendant Dorothy M. York, having waived the right of redemption, shall turn over the Property to Plaintiff on May 30, 2019;

D. That in exchange for Defendant Dorothy M. York having waived the right of redemption, Plaintiff shall pay her a sum of $12,500 by April 1, 2019;

E. That Plaintiff waives the right to seek a deficiency against Defendant Dorothy M. York;

F. That once the applicable appeal period has expired, the Clerk shall execute an appropriate certification stating either that no action was taken or that an appeal was filed, and Plaintiff shall then record the said certification and a copy of this Judgment in the Androscoggin County Registry of Deeds and pay the recording fees therefore, in compliance with 14 M.R.S.A. § 2401(3), such fees and costs so incurred by Plaintiff to be added to and become part of the mortgage indebtedness secured by the Mortgage; and

G. That the Clerk shall enter the following in the docket:

"Order and Judgment of Foreclosure and Sale dated _May 1_, 20_19_ for the Plaintiff as a final judgment except for additional Attorney's fees and disbursements and any additional amounts advanced by Plaintiff related to its mortgage security, and said Order is incorporated in the docket by reference. This entry is made in accordance with Rule 79(a) of the Federal Rules of Civil Procedure and at the specific direction of the Court."

Dated: _May 1, 2019_    /s/ _____

Date entered in the docket: _____

### CERTIFICATION OF CLERK PURSUANT TO 14 M.R.S.A. § 2401(3)(F)

Pursuant to 14 M.R.S.A. § 2401(3)(F), it is hereby certified that no notice of appeal of the Judgment of Foreclosure and Sale in this matter was filed with the Clerk of Court in this action within the appeal period following the entry of judgment.

Dated: _____    /s/ _____
                                Clerk of Court

SEEN AND AGREED:

/s/ Matthew P. Crouter
Matthew P. Crouter, Bar # 5909
Attorney for Plaintiff

5

/s/ William J. Kennedy
William J. Kennedy, Bar # 5368
Attorney for Dorothy M. York

/s/ Wendy J. Paradis
Wendy J. Paradis, Bar # 7246
Attorney for Gowen Power Systems

/s/ Ashley E. Eiler
Ashley E. Eiler, Bar # 5300
Attorney for Department of Treasury – Internal Revenue Services

/s/ James M. Garnet
James M. Garnet, Bar # 5035
Attorney for Bank of America, NA